DEEDS v. SANBORN, MARSHAL, ETC.

1. **Corporation municipal:** TAXATION OF AGRICULTURAL LANDS: CASES FOLLOWED. The rules and principles limiting municipal taxation of agricultural lands within city limits, as laid down in *Buell* v. *Ball* (20 Iowa, 282); *Langworthy* v. *City of Dubuque* (16 Id., 272), and *Fulton* v. *City of Davenport* (17 Id., 404), followed and approved.

*Appeal from Clinton District Court.*

WEDNESDAY, JUNE 5.

THE plaintiff owned a ten acre lot and a forty acre lot of ground, situated within the original corporate limits of the city of Lyons, which he used for farming purposes. The ten acres at one time had been platted and laid off as an addition to the town of Lyons, but afterward, by

a proceeding before the Probate Court of Clinton county, under an act of the legislature authorizing the same, it was vacated. Subsequent to this, these vacated lots, by their appropriate but former numbers and blocks, and also the forty acre tract, were assessed and taxed for general municipal purposes; to pay which the defendant, marshal of the city of Lyons, distrained certain personal property of the plaintiff, which he (plaintiff) afterward replevied, setting forth in his petition the above facts; alleging that it was not dedicated as town property; that it was remote from the city proper; a part of it wood land, and that the residue had been used exclusively for agricultural purposes in raising grain and grass; claiming, on this account, that it was not taxable for municipal objects, and that, as such, the defendant had wrongfully seized and detained his property, in order to apply the avails thereof to the payment of said taxes.

The defendant admits the plaintiff's ownership of the property replevied, and that he took and detained the same to make the taxes in dispute, but denies the allegations of the petition in respect to the character of the two tracts of land, and insists that they are taxable under any circumstances, because embraced within the original corporate limits of said city. In respect to the laying off of a part of this ground into town property, and its subsequent vacation as such, the answer admits that the plaintiff had complied with the provisions of the act entitled "An act providing for the vacation of town plats," as set forth in plaintiff's petition; but it asserts this act of the legislature to be unconstitutional. The replication takes issue with the answer, and further avers that the land in question had not received and does not receive any benefit from the government of said city or its expenditures; that the law incorporating Lyons City, so far as it is claimed to subject any of said lands to tax-

ation for city purposes, is unconstitutional. When the jury was impaneled to try the foregoing issues, and the testimony was about being introduced, the court arrested the progress of the trial, and charged the jury as follows:

" In this case it is conceded that the lands taxed were in the original limits of the city of Lyons, incorporated by act of the General Assembly of the State of Iowa, approved January 24, 1855, and entitled, ' An act to incorporate the city of Lyons;' that section twenty-nine of said charter in terms authorized the city council to levy a tax not exceeding one-half of one per cent on the value of all property within the city which is liable for State and county taxes; that the plaintiff's property is liable for State and county taxes; that the tax in question was levied under and by virtue of the power granted to the city council in the charter (but the plaintiff claims that said charter confers no power to levy a tax on plaintiff's land), and by the proper officers; that the defendant was marshal of the city—the proper officer to collect the taxes, and had a proper warrant, regular upon its face (but which plaintiff claims was void for want of power in city council to tax plaintiff's land), to collect the same; that he had fully discharged his duty in giving proper notice and making demand for said taxes ; that plaintiff neglected to pay his taxes, and that his property was seized by the marshal by virtue of his warrant and authority to collect taxes, to satisfy said taxes; that after such seizure the plaintiff replevied the said property on the ground that the plaintiff's land was not subject to taxation by the authorities of Lyons City.

" Whereupon the court arrested the progress of the trial, and charged the jury that the warrant of the marshal and the tax list duly certified were a sufficient protection and justification to the marshal—that there was color of law for the assessment and levy of the said tax, and the twenty-

ninth section of the charter of the city of Lyons was constitutional and valid, and authorized the assessment and collection of the said tax; and that the plaintiff could not maintain this action against the said marshal, and that other questions raised, or attempted to be raised, by the pleadings were immaterial and need not be considered by the jury.

"J. SCOTT RICHMAN, <em>Judge.</em>"

Upon the foregoing instructions, the jury, without the production of any evidence, found for the defendant. The plaintiff excepts, and assigns the same for error in this court.

*A. R. Cotton* for the appellant.

*Ellis Brothers* for the appellee.

Lowe, Ch. J.—The essential point made in the court's instructions, and which controlled the verdict of the jury, was, that as the plaintiff's lands were embraced in the original limits fixed by law incorporating the town of Lyons, they were taxable for municipal purposes, regardless of the use made of them as farming lands. This charge was made prior to the settlement of the same principle involved in the case of *Buell* v. *Ball* (20 Iowa, 282).

1. CORPORATION MUNICIPAL: taxation of agricultural lands: cases followed.

Upon the authority of that case, we must reverse the decision and remand the cause to be tried agreeably to the rules which we have laid down in similar cases, namely: the above cited case; *Langworthy* v. *City of Dubuque*, 16 Iowa, 272; *Fulton* v. *City of Davenport*, 17 Id., 404; and other cases.

Reversed.